**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

BRENDA DUARTE,

*Plaintiff,*

v.                                          Case No.: 1:18-cv-01227
                                            Honorable Jorge L. Alonso

CLIENT SERVICES, INC.,

*Defendant.*

## DEFENDANT CLIENT SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Client Services, Inc. ("CSI") by and through its undersigned counsel, Malone

Akerly Martin, PLLC, hereby submits this Answer with Affirmative Defenses to the Complaint

filed by Plaintiff Renea Graham ("Plaintiff"), stating as follows:

### ANSWER TO JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, 28 U.S.C. §1331.

**ANSWER:**    Denied. Plaintiff's allegations in this paragraph constitute conclusions of

law and are denied as such. CSI refers all questions of law to the Court.

2.      Venue is proper in this District because parts of the acts and transactions occurred

here and Defendant transacts substantial business here.

**ANSWER:**    Denied. Plaintiff's allegations in this paragraph constitute conclusions of

law and are denied as such. CSI refers all questions of law to the Court.

## ANSWER TO STANDING

3.     Defendant sent Plaintiff a collection letter that failed to adequately state the amount of a debt owed and made false statements regarding settlement offers.

**ANSWER:**    Denied.

4.     Plaintiff has a congressionally defined right to receive debt collection communications free from false statements.

**ANSWER:**    Denied. Plaintiff's allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

5.     Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**ANSWER:**    Denied.

## ANSWER TO PARTIES

6.     Plaintiff, Brenda Duarte, ("Plaintiff") is a resident of the State of Illinois, from who Defendant attempted to collect a delinquent consumer debt allegedly owed for a Capital One Bank (USA) N.A. consumer credit account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:**     CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

7.     Defendant Client Services, Inc. ("CSI") is a Missouri corporation. CSI does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service, located at 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit A, Record from Illinois Secretary of State).

**ANSWER:**     Admitted.

8.     CSI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

**ANSWER:**     CSI admits it sometimes engages in the business of collection, and sometimes uses the mails and telephone to collect debts originally owed to others. CSI often lacks information or knowledge sufficient to form a belief as to whether the debts are consumer in nature.

9.     Defendant CSI holds a collection agency license from the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Responsibility).

**ANSWER:**     Admitted.

10.     Defendant CSI regularly collects or attempts to collect defaulted consumer debts owed or due another and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA and a "collection agency" as defined in 225 ILCS 425/2 of the ICAA.

**ANSWER:**     Denied. Plaintiff's allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

## ANSWER TO FACTUAL ALLEGATIONS

11.     According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Capital One Bank (USA) N.A.

consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

**ANSWER:** CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same. Answering further, Plaintiff's allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

12. Due to her financial circumstances, Plaintiff could not pay any debts and the alleged debt went into default.

**ANSWER:** CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

13. CSI was subsequently hired or retained for collection of the alleged debt.

**ANSWER:** Admitted in part and denied and denied in part. CSI admits it attempted to collect on Plaintiff's valid, due and owing debt. CSI denies all allegations not specifically admitted herein.

14. On or about November 27, 2017, CSI sent a collection letter ("First Letter") to Plaintiff regarding the alleged debt. (Exhibit C, First Letter).

**ANSWER:** Admitted in part and denied and denied in part. CSI admits it sent a letter dated November 27, 2017. CSI denies the letter violated the FDCPA and denies any allegations not specifically admitted herein.

15. The First Letter conveyed information regarding the alleged debt, including the identity of the current creditor, an account number, and a current balance.

**ANSWER:** Admitted in part and denied in part. CSI admits it provided all information required by the FDCPA. CSI denies the letter violated the FDCPA. Answering further, the Letter

is a writing that speaks for itself and, therefore, any characterization of such by Plaintiff, express or implied, is denied. Unless otherwise admitted, CSI denies the allegations in this paragraph.

16.     The First Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

**ANSWER:**     Plaintiff's allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

17.     The First Letter was CSI's initial letter to Plaintiff.

**ANSWER:**     Admitted.

18.     The First Letter states:

| | |
|---|---|
| **Balance Due at Charge Off:** | **$415.35** |
| **Interest:** | **$0.00** |
| **Other Charges:** | **$0.00** |
| **Payments Made:** | **$0.00** |
| **Current Balance:** | **$0.00** |

**ANSWER:**     Denied. The Letter is a writing that speaks for itself and, therefore, any characterization of such by Plaintiff, express or implied, is denied.

19.     The letter lists Other Charges as $0.00.

**ANSWER:**     Denied. The Letter is a writing that speaks for itself and, therefore, any characterization of such by Plaintiff, express or implied, is denied.

20. Plaintiff believed, as would the unsophisticated consumer, that other charges would begin to accrue because of their inclusion in the Letter.

**ANSWER:**     Denied.

21.     In fact, no Other Charges or collection costs were ever going to be assessed to the alleged debt.

**ANSWER:**     CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

22.     Defendant could have avoided any confusion by not listing "other charges" in the letter.

**ANSWER:**     Denied.

23.     The unsophisticated consumer would be unable to determine what needs to be paid to resolve the alleged debt at the time the Letter was sent.

**ANSWER:**     Denied.

24.     15 U.S.C. § 1692g of the FDCPA provides as follows:

**Validation of debts**

**(a) Notice of debt; contents**
**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt . . . .**

**ANSWER:**     Denied. The FDCPA is a writing that speaks for itself, and CSI denies these allegations to the extent that they seek to characterize or interpret the meaning of the statute or any of its provisions.

25.     CSI failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(1), when it included "other charges" which would never accrue.

**ANSWER:**     Denied.

26.     An itemization of "Other Charges" on a collection letter showing a zero balance could imply future cost charges. *See Duarte v. General Revenue Corporation*, 2017 WL 5478300, at *3 (N.D.Ill., 2017).

**ANSWER:**     Plaintiff's allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

27.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. . .**

**ANSWER:**     Denied. The FDCPA is a writing that speaks for itself, and CSI denies these allegations to the extent that they seek to characterize or interpret the meaning of the statute or any of its provisions.

28.     CSI falsely threatened to collect "Other Charges", in violation of 15 U.S.C. § 1692e.

**ANSWER:**     Denied.

29.     The letter does not say how much in "other charges" might apply, so Plaintiff is left to guess about the economic consequences of failing to pay immediately, which is deceptive and states a claim under the FDCPA. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018).

**ANSWER:**     Denied.

Defendant Client Services, Inc.'s Answer and Affirmative Defenses
M:\176.0000 Client Services, Inc. - General File\176.0015 Brenda Duarte v. Client Services\PLEADINGS\176.0015 Answer and Affirmative Defenses.docx
Page **7** of **15**

30. On or about January 12, 2018 CSI sent a second collection letter ("Second Letter") to Plaintiff regarding the alleged debt. (Exhibit D, Second Letter)

**ANSWER:** Admitted in part and denied in part. CSI admits it sent a letter dated January 12, 2018. CSI denies the letter violated the FDCPA and denies any allegations not specifically admitted herein.

31. The Second Letter conveyed information regarding the alleged debt, including an account number, the identity of the original creditor, and a current balance.

**ANSWER:** Admitted in part and denied in part. CSI admits it provided all information required by the FDCPA. CSI denies the letter violated the FDCPA. Answering further, the Letter is a writing that speaks for itself and, therefore, any characterization of such by Plaintiff, express or implied, is denied. Unless otherwise admitted, CSI denies the allegations in this paragraph.

32. The Second Letter was thus a communication as that term is defined at § 1692a of the FDCPA.

**ANSWER:** Plaintiff's allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

33. The Second Letter offered to settle the account if Plaintiff paid $168.00 by February 1, 2018.

**ANSWER:** Denied. The Letter is a writing that speaks for itself and, therefore, any characterization of such by Plaintiff, express or implied, is denied.

34.     Specifically, the Second Letter states:

**This offer is valid until 2/1/2018. If payment in full of the statement amount is not received in our office by this date, this offer will be withdrawn. Please note, we are not obligated to renew this offer.**

**ANSWER:**     Denied. The Letter is a writing that speaks for itself and, therefore, any characterization of such by Plaintiff, express or implied, is denied.

35.     Plaintiff believed, and the unsophisticated consumer would believe, that the offer would indeed expire on February 1, 2018.

**ANSWER:**     Denied.

36.     However, on or about February 9, 2018 CSI sent another letter ("Third Letter") making the same settlement offer (Exhibit E, Third Letter).

**ANSWER:**     Admitted in part and denied and denied in part. CSI admits it sent a letter dated February 9, 2018. CSI denies the letter violated the FDCPA and denies any allegations not specifically admitted herein.

37.     CSI's statement that the original offer would expire on February 1, 2018, was a false statement.

**ANSWER:**     Denied.

38.     CSI made the false statement to coerce Plaintiff into accepting the settlement offer out of fear that it would no longer be available to her.

**ANSWER:**     Denied.

39. The FDCPA prohibits false statements in connection with the attempt to collect a debt.

**ANSWER:**     Plaintiff's allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

40.     15 U.S.C § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**ANSWER:**     Denied. The FDCPA is a writing that speaks for itself, and CSI denies these allegations to the extent that they seek to characterize or interpret the meaning of the statute or any of its provisions.

41.     Defendant made a false statement and threatened an action that it did not intend to take, in violation of 15 U.S.C. §§ 1692e(5) and § 1692e(10), when it presented a false date of expiration on an offer of settlement.

**ANSWER:**     Denied.

42.     Defendant knew at the time it sent the Second Letter that the settlement offer was not going to expire when it claimed it would.

**ANSWER:**     Denied.

43.     Defendant further stated it was "not obligated to renew this offer."

**ANSWER:**     Denied. The Letter is a writing that speaks for itself and, therefore, any characterization of such by Plaintiff, express or implied, is denied.

44.     On information and belief, Defendant engages in a pattern and practice of making the same settlement offer repeatedly while falsely stating it would expire in hopes of coercing payments from consumers.

**ANSWER:**     Denied.

45.     Plaintiff experienced negative emotions about Defendant's collection communications, including general annoyance, aggravation, and other garden variety emotional distress.

**ANSWER:**     Denied.

46.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Gammon v. GC Services*, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:**     Plaintiff's allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

## ANSWER TO COUNT I

47.     Plaintiff re-alleges above paragraphs as set forth fully in this count.

**ANSWER:**     No response is required to paragraph 47 of Plaintiff' Complaint as Plaintiff are merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, CSI incorporates its responses to Paragraphs 1 through 46 as though fully set forth herein at length.

48.     CSI failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(1), when it included "other charges" which would never accrue.

**ANSWER:**     Denied.

49.     CSI falsely threatened to collect "Other Charges", in violation of 15 U.S.C. § 1692e.

**ANSWER:**     Denied.

50.     CSI made a false statement and threatened an action that it did not intend to take, in violation of 15 U.S.C. §§ 1692e(5) and § 1692e(10), when it presented a false date of expiration on an offer of settlement.

**ANSWER:**     Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, which CSI denies occurred, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Defendant. Damages or injuries, if any, suffered by Plaintiff may be attributable, in whole or in party, to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of Defendant.

### FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by laches, unclean hands, waiver, estoppel or failure to mitigate damages (if any).

### FIFTH DEFENSE

Plaintiff's claims fail, in whole or in part, for lack of standing and/or lack of subject matter jurisdiction because she has not sustained any cognizable injury or damages.

### SIXTH DEFENSE

Upon information and belief, Defendant asserts some or all of Plaintiff's claims are subject to an arbitration agreement(s) within the applicable credit agreement(s) associated with the debt accounts at issue, requiring that some or all of Plaintiff's claims be dismissed in favor of mandatory individual arbitration. Defendant reserves the right to invoke any such arbitration agreement.

### SEVENTH DEFENSE

In the event that Plaintiff is able to adequately plead a violation of the FDCPA, which CSI denies, Plaintiff's entitlement to statutory damages is capped at $1,000 per action. *Smith v. Greystone Alliance, LLC*, 772 F.3d 448, 449 (7th Cir. 2014); 15 U.S.C. § 1692k(a)(2)(A).

### EIGHTH DEFENSE

Plaintiff has failed to show any violation of the FDCPA and, therefore, is not entitled to attorneys' fees or costs

### NINTH DEFENSE

CSI did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. CSI also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

**TENTH DEFENSE**

CSI and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. CSI alleges that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, CSI acted in good faith in the honest belief that the acts, conduct and communications, if any, of CSI were justified under the circumstances based on information reasonably available to CSI. Accordingly, Plaintiff is barred from any recovery in this action.

**ELEVENTH DEFENSE**

As to the allegations in the Complaint, and each and every cause of action therein, Defendant presently has insufficient knowledge and information on which to form a belief as to whether additional, as yet unstated, affirmative defenses may exist. Defendant, therefore, reserves the right to assert additional affirmative defenses in the event that discovery indicates that such defenses are appropriate.

**WHEREFORE**, Defendant Client Services, Inc., having answered Plaintiff's Complaint, respectfully requests that this Honorable Court enter judgment in its favor, dismissing Plaintiff's Complaint and granting any and all other relief as the Court deems just and equitable.

**[SIGNATURE BLOCK ON NEXT PAGE]**

Dated: March 9, 2018.                    Respectfully submitted,

                                         MALONE AKERLY MARTIN PLLC

                                         /s/ Xerxes Martin
                                         EUGENE XERXES MARTIN, IV
                                         State Bar No. 24078928
                                         Email: xmartin@mamlaw.com
                                         MALONE AKERLY MARTIN PLLC
                                         Northpark Central, Suite 1850
                                         8750 North Central Expressway
                                         Dallas, Texas 75231
                                         TEL: (214) 346-2630
                                         FAX: (214) 346-2631


                                         WATTS LAW GROUP, LLC
                                         /s/ Patrick A. Watts #6302112
                                         212 S. Bemiston Avenue Suite 200
                                         St. Louis, Missouri 63105
                                         pwatts@swattslaw.com
                                         (314) 669-5490

                                         *COUNSEL FOR DEFENDANT*
                                         *CLIENT SERVICES, INC.*


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via CM/ECF on this 9th day of March, 2018 to:

| | |
|---|---|
| **Michael Wood** | **Sarah Margaret Barnes** |
| **Celetha Chatman** | Community Lawyers Group, Ltd. |
| Holly McCurdy | 73 W Monroe Street |
| Sarah Barnes | Suite 514 |
| Community Lawyers Group, Ltd. | Chicago, IL 60603 |
| University Park | (312) 757-1880 |
| 3300 N. Interstate Hwy 35, Suite 7018 | Email: barnes.sarahmar@gmail.com |
| P. 512-524-9352 \| F. 512-593-5976 | |
| mwood@communitylawyersgroup.com | *ATTORNEY TO BE NOTICED* |
| cchatman@communitylawyersgroup.com | |
| *Counsel for Plaintiff* | |

                                         /s/ Xerxes Martin
                                         XERXES MARTIN