**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION**

**BRENDA DUARTE,**

|                    |                        |                                          |
|--------------------|------------------------|------------------------------------------|
|                    | *Plaintiff,*           | **Case No.: 1:18-cv-01227**              |
| **v.**             |                        | **Honorable Jorge L. Alonso**            |

**CLIENT SERVICES, INC.,**

*Defendant.*

**DEFENDANT CLIENT SERVICES, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Client Services, Inc. ("CSI") by and through its undersigned counsel, Malone Akerly Martin, PLLC, hereby submits this Motion for Judgment on the Pleadings, stating as follows:

## I. Introduction

1.      Brenda Duarte ("Plaintiff") filed this lawsuit on March 7, 2018, complaining of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). Doc. 1. Specifically, Plaintiff alleges that a dunning letter sent by CSI to Plaintiff contained language that violated sections 1692e and 1692g of the FDCPA. *Id.* Plaintiff complains of the following language contained in the letter:

|                              |          |
|------------------------------|----------|
| Balance Due At Charge-Off:   | $415.35  |
| Interest:                    | $0.00    |
| Other Charges:               | $0.00    |
| Payments Made:               | $0.00    |
| Current Balance:             | $415.35  |

Doc. 1-1 at 6. Plaintiff alleges that "CSI misrepresented the character of the alleged debt" because "CSI's client never intended to adjust the balance of the account, or to add interest and collection

costs." Doc. 1 at 4.  Plaintiff further alleges CSI falsely and deceptively threatened to collect "Other Charges" in violation of the FDCPA. *Id.* at 5.

2.     A court in the Northern District recently ruled on this exact issue in a case involving a letter with the same information in the same style and format as in this present case. In *Delgado v. Client Services, Inc.*, Case No-17-c-4364, 2018 WL 1193741, at *2 (N.D. Ill. Mar. 7, 2018), the Court agreed that "the inclusion of interest and other charges in the itemization of Delgado's debt, when 0.00 is listed for both categories, could not lead an unsophisticated consumer to believe that interest or other charges would later accrue." *Id.* The court in *Delgado* dismissed both the 1692e and the 1692g claim brought against CSI.  This Court should do the same.

3.     Plaintiff further alleges that CSI violated the FDCPA by offering Plaintiff an opportunity to settle the debt in question. Doc. 1 at 5-6. Plaintiff's theory is that CSI presented Plaintiff with settlement offers that expired when CSI knew that the settlement offers would not expire. This goes against established case law in the Seventh Circuit and in other courts around the nation.

4.     All of Plaintiff's claims fail as a matter of law. For the reasons set forth in this Motion, this Court should grant CSI's Motion for Judgment on the Pleadings and dismiss with prejudice all claims against CSI.

## II. Arguments and Authorities

### A.  Standard of Law

5.     Under Rule 12(c), "a party can move for judgment on the pleadings after the filing of the complaint and answer." *Supreme Laundry Serv., LLC v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008). A motion for judgment on the pleadings should be granted "only when it appears beyond a doubt that the plaintiff cannot prove any set of facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Id.* In deciding

the motion, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

6.      Claims brought under the Fair Debt Collection Practices Act are evaluated under the objective "unsophisticated consumer" standard. *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 273 (7th Cir. 2014). The Seventh Circuit Court of Appeals has found that "[a]n unsophisticated consumer is not a 'completely ignorant' consumer. Rather, he 'possesses rudimentary knowledge about the financial world . . . [as well as] reasonable intelligence.'" *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). Further, "if it is apparent from a reading of a [collection] letter that not even a significant fraction of the population would be misled by it – if… the interpretation attested to by the plaintiff is a 'fantastic conjecture' – the court should reject it without requiring evidence beyond the letter itself." *Taylor v. Cavalry Inv. LLC*, 365 F.3d 572, 574-75 (7th Cir. 2004) (citation omitted); *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000) (noting that any document can be misread and the FDCPA is not violated by a dunning letter that is susceptible to "an ingenious misreading"); *see also Velazquez v. Fair Collections & Outsourcing, Inc.*, No. 12 C 04209; 2013 WL 4659564 (N.D. Ill. Aug. 30, 2013) (dismissing claim on motion to dismiss where the letter was clear on its face). The unsophisticated consumer standard is an objective one, and courts must disregard "unrealistic, peculiar, bizarre, and idiosyncratic interpretations" of collection letters. *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir.2005)

7.      The Seventh Circuit also requires that an alleged violation of § 1692e be material and as such "have [a] practical impact on a consumer's rights or decision-making process—that is, . . . represent the kind of conduct the [FDCPA] was intended to eliminate." *Janetos v. Fulton Friedman*

& *Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016). Thus, the Court must determine not only whether the statement is false or misleading, but also whether the statement is material. *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009).

**B. CSI's letter did not violate section 1692e of the FDCPA**

8.      The letter that CSI sent to Plaintiff is not false, misleading, or deceptive. Rather, the letter clearly informs the Plaintiff of the amount owed and provided an itemization. At the top left corner, the letter states:

> Creditor: Capital One Bank (USA), N.A
> Account Number: XXXXXXXXXXXX9910
> Balance Due: $415.35

Doc. 1-1 at 6. Below that, it states:

| | |
|---|---|
| Balance Due At Charge-Off: | $415.35 |
| Interest: | $0.00 |
| Other Charges: | $0.00 |
| Payments Made: | $0.00 |
| Current Balance: | $415.35 |

*Id.* There is nothing false or misleading about this information. As the court in *Delgado* noted, "[r]ather than making a false, misleading, or deceptive statement, the letter sets forth the amount due and provides an accounting of that amount, making it explicit that no part of the amount due includes interest or other charges." *Delgado*, 2018 WL 1193741, at *3. The court in *Delgado* stated that when one considers the letter as a whole, "[t]here is no suggestion that the amount due will change if the balance is not paid within a certain period of time and no other mention of interest and other charges." *Id.* This is further reinforced by the "Account Resolution Offer" which was sent with the first letter, which included the following language: "Please note that no interest will be added to your account balance through the course of Client Services. Inc. collection efforts

concerning your account." <u>Doc. 1-1</u> at 8. Taken as a whole, it is clear that this letter is not false, deceptive, or misleading.

9.     The language Plaintiff complains of is also similar to the language analyzed in *Dick v. Enhanced Recovery Co.*, LLC, No. 15CV2631RRMSMG, 2016 WL 5678556, at *1 (E.D.N.Y. Sept. 28, 2016). The letter in *Dick* contained a similar breakdown of the interest and other charges (labeled as Non-Interest Charges & Fees). In *Dick*, the plaintiff "argue[d] that the language of the Letter could imply a future imposition of noninterest charges and fees." *Id.* at *4. The court in *Dick* ruled that

> such an interpretation contravenes the plain language of the Letter, which clearly sets forth the total amount of the debt and further provides an accounting of that debt. The Letter does not leave Dick, or the least sophisticated consumer, in doubt of the nature and legal status of the underlying debt; nor does it impede the consumer's ability to respond to or dispute collection. Accordingly, the language of the letter is not false, deceptive, or misleading and does not violate section 1692e.

*Id.* In ruling that the letter sent by CSI was not misleading or deceptive, the court in *Delgado* agreed with the ruling in *Dick* as well. *Delgado,* 2018 WL 1193741, at *3. Further, each letter that CSI sent to Plaintiff had the same balance, further showing that there was not any interest or other charges accruing on the debt. *See id.* at *4 ("If Delgado believed that the Letter was threatening to assess interest and collection fees, it would not make sense that the amounts remained at zero after collection had already begun.").

10.    Plaintiff claims in her complaint that "[CSI] could have avoided any confusion by not listing 'other charges' in the letter." <u>Doc. 1</u> ¶ 22. Yet as the court in *Delgado* pointed out, "[CSI] has done precisely what the Seventh Circuit recommends by clearly itemizing the various components of the debt." *Delgado,* 2018 WL 1193741, at *3 (citing *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004)). If the letter is found to be misleading or deceptive, it would place "debt collectors between a rock and a hard place, where they cannot simply list the

amount owed, for fear of being misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading." *Id.* Plaintiff's allegations are the type of bizarre and idiosyncratic interpretations of dunning letters that the Court should not consider. Further, this sort of bizarre and idiosyncratic interpretation of the letter cannot be material under the FDCA.

11.    This Court should follow the reasoning of the court in *Delgado* which analyzed a nearly identical letter and found that the letter was not false, deceptive, or misleading, and should grant CSI judgment on the pleadings in the case.

### C. The letter accurately stated the amount of the debt

12.    Plaintiff alleges that "CSI failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(1), when it included 'other charges' which would never accrue." Doc. 1 ¶ 25.

13.    The Seventh Circuit has held that "a dunning letter must state the amount of the debt sufficiently clearly that the recipient is unlikely to misunderstand it." *Taylor v. Cavalry Inv.*, L.L.C., 365 F.3d 572, 574 (7th Cir. 2004). A letter can only be misleading if it could confuse a "substantial number" of recipients. *Id.* The letter sent by CSI to Plaintiff accurately stated the amount of the debt into two place. It stated it in the top left corner, and it stated it at the bottom of the itemization. The letter cannot be read to violate the FDCPA. There was no indication or language in the letter sent by CSI that the amount would change. Instead, CSI told Plaintiff the amount would not change. Doc. 1-1 at 8. The letter states the amount of the debt clearly enough that a recipient is unlikely to misunderstand it. The Court should not indulge Plaintiff's bizarre and idiosyncratic interpretation of the letter.

14.    Further, the Seventh Circuit has stated that "whether the statement was misleading under § 1692e 'goes hand-in-hand with whether the amount of the debt has been accurately disclosed'

under § 1692g(a)(1)." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 371 (7th Cir. 2018). The letter was not false, deceptive, or misleading and did not violate 1692e. Thus, the letter also clearly stated the amount due as required under 1692g. *Delgado*, WL 1193741, at *5. For these reasons, this Court should grant CSI judgment on the pleadings in the case.

**D. The settlement offers did not violate section 1692e**

15.  CSI sent Plaintiff several letters offering to settle the debt for a reduced amount. Doc. 1-1 at 8-15. Plaintiff claims that these letters violated section 1692e of the FDCPA because CSI "made a false statement and threatened an action that it did not intend to take, in violation of 15 U.S.C. §§ 1692e(5) and § 1692e(10), when it presented a false date of expiration on an offer of settlement." Plaintiff's claims fail as a matter of law

16.  The Seventh Circuit established safe harbor language addressing settlement offers such as in this case. In *Evory v. RJM Acquisitions Funding L.L.C*, the Seventh Circuit noted that debt collectors "frequently renew their offers if the consumer fails to accept the initial offer." 505 F.3d 769, 775 (7th Cir. 2007). The Seventh Circuit noted that imposing liability on debt collectors for doing this would cause the settlement process to disintegrate. *Id.* To prevent this, the Seventh Circuit created a safe harbor provision:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

17.  *Id.* (emphasis added) (internal citations omitted). The Seventh Circuit focused on the fact that "[t]he word 'obligated' is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured." *Id.*

18.     Numerous courts have also held that making multiple settlement offers is not misleading unless the debt collector indicates to the consumer that the first settlement offer is the only settlement offer that the debt collector will make. *See Johnson v. AMO Recoveries*, 427 F. Supp. 2d 953, 956 (N.D. Cal. 2005) (citing cases); *Dupuy v. Weltman, Wienberg & Reis Co.*, 442 F. Supp. 2d 822, 828 (N.D. Cal. 2006) ("By contrast, where a settlement offer of stated limited duration is unaccompanied by any language implying that the offer is a one-time offer, the offer is not false within the meaning of the FDCPA."); *Hernandez v. AFNI, Inc.*, 428 F. Supp. 2d 776, 781 (N.D. Ill. 2006); *Headen v. Asset Acceptance, LLC.*, 383 F. Supp. 2d 1097, 1101 (S.D. Ind. 2005) ("A debt collector is free to make offers of limited duration, to terminate them at the given date, and then to make a new offer of similar or even identical terms effective immediately.").

19.     Under either analysis, the settlement letters sent by CSI did not violate the FDCPA. Each letter contained the "We are not obligated to renew this offer" safe harbor language. Doc. 1-1 at 8, 11, 14. None of the letters stated that these were one time settlement offers or that no future settlement offers would be made. *Id.* There is no language in the letters that suggests CSI would not make future settlement offers or would not be receptive to future settlement offers. In short, there is nothing to show that any of the letters violated the FDCPA.

20.     If the Plaintiff were to assume these were one-time offers, it would be "sheer speculation and guesswork, [and] not a reasonable understanding, even from the perspective of an unsophisticated consumer." *Headen*, 383 F. Supp. 2d at 1101-02. Imposing liability would only prohibit the practice of offering settlements and would be contrary to the purposes of the FDCPA. *Id.* at 1103. The settlement offers letters sent to Plaintiff clearly do not violate the FDCPA. For this reason, this Court should grant CSI judgment on the pleadings in the case.

### III. Conclusion

21.     All of Plaintiff's claims in this case fail as a matter of law. The same letter was recently determined to not be a violation of the FDCPA by another court in this district. The letter set forth the amount due and provided an accounting of that amount, which made it explicit that no part of the amount due included interest or other charges. Not only does this not violate the FDCPA, but rather it complies the Seventh Circuit's analysis of the issue. Finally, the settlement letters did not violate any provision of the FDCPA, complied with the Seventh Circuit safe harbor provision, and have been found to not violate the FDCPA by multiple other courts. All of Plaintiff's claims fail in this case, and judgment on the pleadings should be granted to CSI.

WHEREFORE, PREMISES CONSIDERED, Defendant Client Services, Inc. respectfully requests that this Court dismiss all claims against CSI with prejudice and for all other relief entitled.

Respectfully submitted,

**MALONE AKERLY MARTIN PLLC**

*/s/* Xerxes Martin
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE AKERLY MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

## <u>CERTIFICATE OF SERVICE</u>

       This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** on this 24th day of April, 2018 to:

| | |
|---|---|
| Michael Wood | Sarah Margaret Barnes |
| Celetha Chatman | Community Lawyers Group, Ltd. |
| 73 W Monroe Street | 73 W Monroe Street |
| Suite 502 | Suite 514 |
| Chicago, IL 60603P. 512-524-9352 \| F. 512-593-5976 | Chicago, IL 60603 |
| | (312) 757-1880 |
| mwood@communitylawyersgroup.com | Email: barnes.sarahmar@gmail.com |
| cchatman@communitylawyersgroup.com | |
| *Counsel for Plaintiff* | |

 

                                                        */s/* Xerxes Martin

                                                        XERXES MARTIN