**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION**

**BRENDA DUARTE,**

|  |  |  |
|---|---|---|
| | *Plaintiff,* | **Case No.: 1:18-cv-01227** |
| **v.** | | **Honorable Jorge L. Alonso** |

**CLIENT SERVICES, INC.,**

*Defendant.*

**DEFENDANT CLIENT SERVICES, INC.'S RESPONSE TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY TO PLAINTIFF'S RESPONSE TO CSI'S MOTION FOR SUMMARY JUDGMENT**

Defendant Client Services, Inc. ("CSI") by and through its undersigned counsel, Malone And Martin, PLLC, hereby submits this Response to Plaintiff's Cross Motion for Summary Judgment and Reply to Plaintiff's Response to CSI's Motion for Summary Judgment, stating as follows:

**INTRODUCTION**

1.     CSI is confident that the Court is fully aware of the facts and details of this case, as it has been completely briefed through CSI's Motion for Judgment on the Pleadings (Doc. 25) and the cross Motions for Summary Judgment. Plaintiff's Cross Motion for Summary Judgment and Response does not present any new arguments or cases that change the facts or legal analysis of this case.  Plaintiff has also abandoned her claim regarding the settlement letters. Plaintiff does not explain why Plaintiff waited this long to abandon the claims related to the settlement letter when the controlling case on that issue—which conclusively proved that there was no violation of the FDCPA—came out more than a decade before this case was filed. *Evory v. RJM Acquisitions*

*Funding L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007); *see also* <u>Doc. 53</u> (discussing the *Taylor v. Client Services, Inc.*, Case No. 1:17-cv-05704, 2018 WL 4355819 (N.D. Ill. Sept. 12, 2018)).

2.      The fact remains that the letter sent by CSI was not false or misleading. The letter accurately stated the amount of the debt and stated that there was no interest or fees included in the debt. There is no language in the letter that implies or suggests that CSI might add interest or other fees to the debt at a later date. This Court should join with *Delgado v. Client Services, Inc.*, Case No-17-c-4364, 2018 WL 1193741, at *2 (N.D. Ill. Mar. 7, 2018), *Dick v. Enhanced Recovery Co.*, LLC, No. 15CV2631RRMSMG, 2016 WL 5678556, at *1 (E.D.N.Y. Sept. 28, 2016), and *Jones v. Professional Finance Co., Inc.*, 2017 WL 6033547, at *2 (S.D. Fla. Dec. 4, 2017) in finding that the letter does not violate the FDCPA. For these reasons, this Court should deny Plaintiff's motion for summary judgment and instead grant CSI's Motion for Summary Judgment.

## ARGUMENTS AND AUTHORITIES

### A. This Court should not follow the opinion in *Wood*

3.      The only cases cited by Plaintiff that could apply to this case are *Wood v. Allied Interstate, LLC*, 2018 U.S. Dist. LEXIS 98738, 2018 WL 2967061 *9 (N. D. Ill. June 13, 2018) and *Chaires v. Allied Interstate, LLC*, 1:18-cv-05060, Dkt. #20. The *Wood* case has already been addressed in CSI's Motion for Summary Judgment and has been fully briefed. CSI believes this Court should not adopted the holding in *Wood*, but rather should follow *Delgado, Dick*, and *Jones* for the reasons laid out in CSI's Motion for Judgment on the Pleadings and Motion for Summary Judgment. Plaintiff also briefly cites to the *Chaires* case. All the *Chaires* case states, in a Notification of Docket Entry, is that CSI's Motion to Dismiss was denied "for the reasons stated by Judge Feinerman in Wood v. Allied Interstate, LLC, 2018 WL 2967061 (N.D. Ill. June 13, 2018)."

*Chaires*, 1:18-cv-05060, Dkt. #20.[1] It does not offer any substantive analysis of the issues raised in either *Delgado*, *Wood*, or this case. *Id.*

4.  Plaintiff claims that "[a]ll [CSI] needed to do was list the amount owed . . . ." Doc. 65 at 14. This is not correct, however. As Judge Ellis noted in *Delgado*, if the letter is found to be misleading or deceptive, it would place "debt collectors between a rock and a hard place, where they cannot simply list the amount owed, for fear of being misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading." *Delgado*, 2018 WL 1193741, at *3. As noted by Judge Ellis in the *Delgado*, collectors have been sued for failing to itemize the debt. *Id.* (discussing *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564–66 (7th Cir. 2004)).

5.  Courts in the Northern District of Illinois have found that there is a potential violation in not itemizing the debt in a letter. Take, for example, the case of *Vogel v. McCarthy, Burgess, & Wolff, Inc.*, Case No. 17-cv-6681, 2018 WL 3729329, *2 (N.D. Ill. 2018). In that case, the court stated that "[v]iewed from the perspective of an unsophisticated consumer, even an *accurate* representation of the total amount of the debt owed can violate the FDCPA." *Id.* (emphasis in original). The court in *Vogel* held that "it is perfectly plausible, at least at the pleading stage, that presenting a total debt amount without a breakdown of charges and fees is misleading to the unsophisticated consumer." *Id.* at 3. CSI recognizes that the facts of *Vogel* are different, specifically the facts related to the what the debt is comprised of in this case as compare to what the debt was comprised of in *Vogel*. However, *Vogel* shows that it is not as simple as only listing the amount owed to avoid potential liability under the FDCPA. As Judge Ellis recognized in *Delgado*, if the letter sent by CSI is found to be deceptive, it would put CSI in between a rock and

---

[1] The court in *Chaires* made this docket entry on October 16, 2018, almost two weeks after CSI filed its Motion for Summary Judgment, and months after CSI filed its Motion for Judgment on the Pleadings.

a hard place, where it faces lawsuits for including the itemization and for not including the itemization.

6.    Plaintiff also points to the fact that CSI could change the letter or include N/A or an asterisk. Doc. 65 at 7. This is entirely immaterial to this case, however, as the language used by CSI was not false or misleading. Additionally, had CSI followed these recommendations from Plaintiff, it is likely that they would have faced a lawsuit over it as well. This was also address in *Delgado*, where Judge Ellis stressed that "[t]his is clearly not what Congress intended the FDCPA to do – essentially turn debt collectors into a modern-day version of Goldie Locks, who cast about searching for the letter that is just right, not listing too little information or too much." 2018 WL 1193741, at *3. The letter was not false or misleading, and accurately stated the amount of the debt. To find that the language complained of could imply that CSI would add interest or fees requires a bizarre and idiosyncratic reading of the letter. This reading must be rejected, and this Court should grant summary judgment for CSI.

**B. Plaintiff's other case law is inapplicable given the facts of this case**

7.    Plaintiff has cited to numerous cases that do not apply to this present case. While Plaintiff claims that several of them are analogous, a quick examination of each case shows that they do not apply.

8.    Plaintiff cites to several cases for the idea that "[m]ultiple courts have found creditors in violation of FDCPA when the creditor falsely communicates to the debtor that it will take actions that is has no intention to take." Doc. 65 at 6. While Plaintiff's complaint alleges that CSI threated to take an action it did not intend to take in violate of section 1602e(10), it only did so in the context of the settlement letters. *Id.* at ¶ 41 ("[CSI] made a false statement and threatened an action that it did not intend to take, in violation of 15 U.S.C. §§ 1692e(5) and § 1692e(10), when it

presented a false date of expiration on an offer of settlement."), ¶ 50 ("CSI made a false statement and threatened an action that it did not intend to take, in violation of 15 U.S.C. §§ 1692e(5) and § 1692e(10), when it presented a false date of expiration on an offer of settlement."). Plaintiff does this despite the fact that Plaintiff abandoned her claims related to the settlement letters. Doc. 65 at 6, 15. Why Plaintiff cited these cases immediately after stating that she was abandoning this claim is not clear. Plaintiff only alleged a general violation of 1692e in connection with the itemization issue. *Id.* at 4-5.

9. Plaintiff also cites to *Boucher v. Finance System of Green Bay, Inc.*, 880 F. 3d 362 (7th Cir. 2018) and *Lox v. CDA*, 689 F.3d 818, 827 (7th Cir. 2012). Doc. 65 at 12-13. Both of these cases are inapposite to this case. Plaintiff claims that *Boucher* is "extremely similar" to this case, but notably absent from Plaintiff's analysis of the *Boucher* case is the language that the Seventh Circuit focused on in its analysis. *Id.* In *Boucher*, the Seventh Circuit found that the language "[b]ecause of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater" was misleading because the collector admitted it could not legally impose any additional late charges and other charges. *Boucher*, 880 F. 3d at 367. The language that was at issue in *Boucher* does not appear anywhere in the letter CSI sent to Plaintiff. Doc. 1-1 at 6.

10. Nor is this case like *Lox*, in which a collector sent a letter stating that "[o]ur client may take legal steps against you and if the courts award judgement, the court could allow court costs and attorney fees." *Lox*, 689 F.3d at 827. Once again, no such language appears in CSI's letter. Plaintiff also attempts to use *Lox* to distinguish *Taylor*. Doc. 65 at 15. However, if one reads CSI's Motion for Summary Judgment, it is clear that *Taylor* is cited for a standard proposition of law regarding the FDCPA, that "a dunning letter must state the amount of the debt sufficiently clearly

that the recipient is unlikely to misunderstand it." *Taylor v. Cavalry Inv.*, L.L.C., 365 F.3d 572, 574 (7th Cir. 2004).[2] *Lox* is not applicable to this case and does not change how *Taylor* supports CSI's Motion for Summary Judgment. Both *Boucher* and *Lox* involved letters that contained clear statements from the collector that an action might occurred. These two cases are inapposite because the letter sent by CSI lacked any statement the CSI might take some action other action on behalf the creditor.

11.     Plaintiff also cites to *United States v. National Financial Services, Inc.,* 98 F.3d 131, 137-38 (9th Cir. 1996). Doc. 65 at 13. This case involved a collector sending letters threatening to sue debtors when they had not intention of doing so. Again, this has nothing at all to do with this case. CSI never made any threats to add interest or fees, and the letter does not contain any statement from CSI that CSI might impose fees or interest.

12.     All these cases cited by Plaintiff are inapplicable to this case. There are not any statements on the letter from CSI that stated interest or fees might apply or accrue. CSI did not threaten to take any action it did not intend to take. The letter simply stated that there was zero interest and zero fees included in the amount of the debt. The letter accurately and clearly stated the amount of the debt. There was no violation of the FDCPA, and this Court should grant summary judgment to CSI.

### C.  Plaintiff has failed to adequately prove consumer status

13.     In order to establish an FDCPA violation, Plaintiff must first establish that the debt was a consumer debt, specifically that it was a debt incurred for personal, family, or household purposes. 15 U.S.C. 1692a(5). Plaintiff offers only one conclusory remark in an attempt to establish this:

---

[2] CSI cited to a second Taylor case that involved CSI as a defendant, but it only applied to Plaintiff's claims regarding the settlement letters, which Plaintiff has now abandoned. Doc 55 at 2 (citing *Taylor v. Client Services, Inc.*, Case No. 1:17-cv-05704, 2018 WL 4355819 (N.D. Ill. Sept. 12, 2018).

"The alleged debt that Defendant sought to collect from me resulted from a defaulted Capital One consumer credit card account that was used solely for personal purposes." Doc. 64-1 at 2. Conclusory affidavits are not considered valid summary judgment evidence. *See Hall v. Printing & Graphic Arts Union*, 696 F. 2d 494, 500 ("Plaintiff's briefs and affidavit are devoid of a speck of factual support for this allegation, and conclusory allegations are not sufficient to raise genuine issues of material fact."); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) ("The object of [summary judgment] is not to replace conclusory allegations of a complaint or answer with conclusory allegations of an affidavit.").

14.     Plaintiff does not offer any actual evidence about how she incurred the debt or what the credit card was used to purchase. In determining whether a debt is a consumer debt, it is the "substance of the transaction" that created the debt must be examined. *Riviere v. Banner Chevrolet*, 184 F.3d 457, 462 (5th Cir. 1999). Plaintiff was required to present "evidence that this *particular* alleged debt meets the statutory definition" of consumer debt under the FDCPA. *Browne v. Portfolio Recovery Ass.*, Civ. No. H-11-02869, 2012 U.S. Dist. LEXIS 31257, at *12 (N.D. Tex. Mar. 7, 2013) (emphasis added). Plaintiff does not offer any evidence as to the substance of the transaction, and only states that it was "for personal purposes." Doc. 64-1 at 2. Because Plaintiff has not offered any real evidence to establish consumer standing, summary judgment must be denied to Plaintiff.

## CONCLUSION

15.     This Court should follow the Courts in *Delgado*, *Dick*, and *Jones* and rule that the letter does not violate the FDCPA. The letter simply provided an itemization of the debt and showed that the debt did not include any interest or fees. Nothing in the letter could reasonably be read to imply or threaten that CSI would include interest or fees at a later date. To hold otherwise requires

a bizarre and idiosyncratic reading of the letter. For these reasons, this Court should grant summary judgment to CSI.

WHEREFORE, PREMISES CONSIDERED, Defendant Client Services, Inc., respectfully requests that this Court deny Plaintiff's Motion for Summary Judgment, grant CSI's Motion for Summary Judgment, and dismiss with prejudice all claims against CSI.

Respectfully submitted,

**MALONE AND MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
Texas State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mamlaw.com
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mamlaw.com
**MALONE AND MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT CLIENT SERVICES, INC.***

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** on this 21st day of December, 2018 to:

**Michael Wood**
**Celetha Chatman**
73 W Monroe Street
Suite 502
Chicago, IL 60603
P. 512-524-9352 | F. 512-593-5976
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com
*Counsel for Plaintiff*

**Andrew Finko**
Andrew Finko P.C.
180 W. Washington St.
Suite 400
Chicago, IL 60602
(773) 480-0616
Email: finkolaw@fastmail.FM

**Michael Jacob Wood**
Community Lawyers Group, Ltd.
73 W. Monroe Street
Suite 502
Chicago, IL 60603
(312) 757-1880
Email:
mwood@communitylawyersgroup.com

/s/ Robbie Malone
ROBBIE MALONE