# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRENDA DUARTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18 C 1227 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| CLIENT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brenda Duarte brings this suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against defendant Client Services, Inc. ("CSI"). Before the Court are the parties' cross-motions for summary judgment. For the reasons set forth below, defendant's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. Its purpose "is to make the summary judgment process less burdensome on district courts, by requiring the parties to nail down the relevant facts and the way they propose to support them." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 397 (7th Cir. 2012). Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). Each paragraph of the statement must contain specific references to supporting materials in the record that are relied upon to support the facts set forth in that paragraph. N.D. Ill. L.R. 56.1(a). "For litigants appearing in the Northern District of Illinois, the Rule 56.1 statement is a critical, and required, component of a litigant's response to a motion for summary judgment." *Sojka*, 686 F.3d at 398. District courts may rigorously enforce compliance with Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings").

CSI filed a statement of material facts in support of its motion for summary judgment, and plaintiff filed a response to CSI's statement. These facts are deemed admitted to the extent they are not controverted by plaintiff and are supported by the record. *See* N.D. Ill. L.R. 56.1(b)(3)(C). Plaintiff submitted additional facts supporting her cross-motion for summary judgment. CSI did not respond to these facts. These facts are deemed admitted to the extent they are supported by

the record. *Id*. The Court will not consider any facts that contain legal arguments, conclusions, or speculation.

Plaintiff Brenda Duarte obtained a Capital One Bank consumer credit card, which she used for personal purposes. Defendant CSI is a collection agency. In 2017, plaintiff was no longer able to pay her account, and CSI was hired to collect the debt on behalf of Capital One. On November 27, 2017, CSI sent plaintiff a letter that contained the following information:

> CURRENT CREDITOR: CAPITAL ONE BANK (USA), N.A.
> ACCOUNT NUMBER: XXXXXXXXXXXX9910
> BALANCE DUE: $415.35
> REFERENCE NUMBER: 25009112
>
> Dear Valued Customer:
>
> Our client, CAPITAL ONE BANK (USA), N.A., has placed the above account with our organization for collections.
>
> Balance Due At Charge-Off: $415.35
> Interest: $0.00
> Other Charges: $0.00
> Payments Made: $0.00
> Current Balance: $415.35
>
> Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Dkt. 64 ¶¶ 6-7.) Plaintiff says that the listing of the other categories confused her and made her believe that interest and other charges could accrue.

Along with the November 27, 2017 letter, CSI sent plaintiff an Account Resolution Offer, which stated:

> **NEW INFORMATION ON YOUR ACCOUNT**
> **Your Account Balance: $415.35**
> **Your Account Resolution Offer: $208.00**
> **ACCOUNT RESOLUTION OFFER**

> We are offering you the ability to resolve your account balance for the amount of $208.00. To accept this offer, our office must receive payment within forty (40) days of the date of this notice. This offer is contingent upon timely receipt of your payment. If payment is not received in our office within forty (40) days of the date of this notice, this offer will be withdrawn and will be deemed null and void, with the remainder of the balance being due and owing. We are not obligated to renew this offer. Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account. This offer does not affect your right to dispute the debt as described on the previous page.

(*Id.* ¶ 8.)

Plaintiff has filed suit, alleging that CSI violated the FDCPA because it (1) falsely threatened to collect "Other Charges," (2) failed to effectively state the amount of debt in the First Letter, and (3) made a false statement and threatened an action it did not intend to take by presenting an offer of settlement with a false date of expiration. CSI moved for judgment on the pleadings, which the Court granted in part and denied in part. The Court denied CSI's motion as to the first two claims, finding that plaintiff had adequately alleged a violation of §§ 1692e and 1692g(a)(1) of the FDCPA. The Court granted CSI's motion as to the third claim.

## STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *See Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Talanda v. KFC Nat'l Mgmt. Co.*, 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013). It is well settled that at the summary-judgment stage, the court does not make credibility determinations, weigh evidence, or decide which inferences to draw from the facts; those are jury functions. *See Gibbs v. Lomas*, 755 F.3d 529, 536 (7th Cir. 2014).

## DISCUSSION

CSI says that it is entitled to summary judgment because the letter it sent to plaintiff did not violate §§ 1692e or 1692g(a)(1) of the FDCPA. That is, the letter was not false, misleading, or deceptive, and the letter accurately stated the amount of the debt. Plaintiff cross-moves for summary judgment, arguing that she has satisfied the pre-requisites to establish an FDCPA claim, that CSI misrepresented the debt because it implied that additional fees could accrue, and that CSI

did not effectively state the amount of debt because it included other charges that would never accrue.

A plaintiff seeking relief under the FDCPA must show that (1) she is a "consumer" who was harmed by FDCPA violations, (2) the alleged debt stems from a transaction entered for personal, family or household purposes, (3) the defendant is a debt collector, and (4) the defendant has violated a provision the FDCPA. *See Rawson v. Source Receivables Mgmt., LLC*, 215 F. Supp. 3d 684, 686 (N.D. Ill. Jan. 6, 2016).

## I. Whether the alleged debt is a "debt" under the FDCPA

Under the FDCPA, the term "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Plaintiff says that her alleged debt falls under this provision because she opened a charge account with Capital One Bank and used the account to make purchases for personal goods and services for family and household purposes. In support, plaintiff points to her declaration where she says that the card was used solely for personal purposes. (Dkt. 64 ¶ 15; dkt. 64-1 ¶ 2.) CSI responds that plaintiff's affidavit is conclusory and without evidentiary support. However, CSI has presented nothing to rebut plaintiff's evidence. Accordingly, the Court finds that plaintiff has made a sufficient showing that her alleged debt is considered a "debt" under the FDCPA. *See Pantoja v. Portfolio Recovery Assoc., LLC*, 78 F. Supp. 3d 743, 746 (N.D. Ill. Jan. 14, 2015) (noting that the record was devoid of any evidence suggesting that the plaintiff's credit card was used for anything other than household purposes).

Having determined that plaintiff's alleged debt is a "debt" under the FDCPA, the Court turns to whether CSI violated any provision of the FDCPA.

## II. Whether CSI violated Section 1692e

The parties dispute whether the letter was false, misleading, or deceptive. CSI contends that the letter clearly informed plaintiff of the amount owed and provided an itemization. CSI also points to the following language in the Account Resolution Offer: "Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account." (Dkt. 55, pg. 5.) According to CSI, when taken as a whole, the letter is not false, misleading, or deceptive. Plaintiff disagrees and says that, by stating "Interest" and "Other Charges" as "$0.00" in the letter, CSI intended to mislead plaintiff into believing that costs and fees would accrue if she failed to pay her debt. Plaintiff argues that the letter caused confusion on the part of the unsophisticated consumer and was therefore misleading on its face.

"The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 374 n.1 (2013). The statute was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e. The statute prohibits debt collectors from taking certain actions. Plaintiff identifies the following subsections: (2)(a), "the false representation of the character, amount, or legal status of

any debt; (5), "the threat to take any action that cannot legally be taken or that is not intended to be taken"; and (10) "the use of any false representation or deception means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e(2)(a), (5) and (10).

The Court uses the objective "unsophisticated consumer" standard to evaluate an FDCPA claim. *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014). This standard protects the consumer who is "uninformed, naïve, or trusting, yet admits an objective element of reasonableness." *Gammon v. GC Serv's Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The reasonableness element in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Id.* A statement will not be considered confusing or misleading unless "a significant fraction of the population would be similarly misled." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).

"Statements alleged to be false or misleading under § 1692e fall into three categories." *Wood v. Allied Interstate, LLC*, No. 17 C 4921, 2018 WL 6830333, at *2 (N.D. Ill. Dec. 28, 2018) (citing *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009)). The first category involves statements that "plainly, on their face, are not misleading or deceptive." *Ruth*, 577 F.3d at 800. In this scenario, the court does not look to extrinsic evidence to determine consumer confusion but, rather, grants summary judgment for the defendant. *Id.* The second category involves statements that "are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer." *Id.* Under this scenario, a plaintiff may only prevail if he produces "extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Id.* The third category involves "plainly deceptive communications." *Id.* at 801. In those cases, the court will grant summary judgment to the plaintiff without requiring the plaintiff to prove what is already clear. *Id.*

Plaintiff argues that the letter is plainly deceptive and falls into the third *Ruth* category. Plaintiff says that the letter is misleading on its face because CSI admits that it could have clarified the language in the letter to avoid any confusion on the part but failed to do so. CSI disagrees and says that the statement falls into either the first or the second *Ruth* category.

The Court finds that the second category applies here because the letter is susceptible to more than one interpretation. *See Wood*, 2018 WL 6830333, at *3-4 (finding statement in debt collector's letter that plaintiff owed $0.00 in fees and collection costs fell into the second *Ruth* category because the statement was susceptible to more than one interpretation). Under the second *Ruth* category, plaintiff is required to produce extrinsic evidence, such as a consumer survey, to support her contention that the letter is misleading or deceptive. Plaintiff has failed to do so. Without such extrinsic evidence, CSI is entitled to summary judgment on this claim. *See Lemke v. Escallate, LLC*, 374 F. Supp. 3d 727, 732 (N.D. Ill. Mar. 19, 2019) (when plaintiff failed to present any extrinsic evidence in § 1692e FDCPA claim that fell into second *Ruth* category, defendant was entitled to summary judgment).

### III. Whether CSI violated Section 1692g(a)(1)

Plaintiff also claims that CSI did not effectively state the amount of debt to plaintiff in violation of § 1692g(a)(1). Plaintiff complains that CSI used the phrase "Other Charges," even though CSI knew that other charges would never accrue. Section 1692g(a)(1) provides that a debt collector must notify a consumer of the amount of the debt. 15 U.S.C. § 1692g(a)(1). The amount of the debt must be stated clearly so that the recipient is likely to understand it. *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004). "Although *Ruth's* three-category framework may not formally apply to § 1692g claims . . . the analysis is functionally the same." *Wood*, 2018 WL 6830333, at *4; *see also Lemke*, 374 F. Supp. 3d at 733 (analyzing *Ruth* factors as applied to a § 1692g(a)(1) claim).

Like the court in *Lemke* and *Wood*, the Court finds that plaintiff's § 1692g claim falls into the second *Ruth* category because the letter is not plainly misleading but could cause confusion or mislead the unsophisticated consumer. *See Lemke*, 374 F. Supp. 3d at 734; *see also Wood*, 2018 WL 6830333, at *4. And, like the plaintiffs in *Lemke* and *Wood*, the plaintiff here has submitted no extrinsic evidence of consumer confusion to support her claim that CSI did not effectively state the amount of the debt. Given this lack of evidentiary support, CSI is also entitled to summary judgment on this claim. *See Lemke*, 374 F. Supp. 3d at 734 (granting summary judgment to defendant when plaintiff failed to provide extrinsic evidence to support § 1692g(a)(1) claim); *see also Wood*, 2018 WL 6830333, at *4 ("[plaintiff's] failure to adduce extrinsic evidence of consumer confusion as to the amount of the debt means that his § 1692(a)(1) claim cannot survive summary judgment.").

### CONCLUSION

For the aforementioned reasons, the Court grants defendant Client Services, Inc.'s motion for summary judgment [55] and denies plaintiff Brenda Duarte's motion for summary judgment [63]. Civil case terminated.

**SO ORDERED.**  ENTERED: September 20, 2019

_____
**HON. JORGE ALONSO**
**United States District Judge**